*E-FILED 02-02-2010*

**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL A. CILLUFFO and CHERRI L. CILLUFFO,<br><br>            Plaintiffs,<br><br>   v.<br><br>WASHINGTON MUTUAL AKA JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LONG BEACH MORTGAGE COMPANY; CALIFORNIA RECONVEYANCE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; UNIVERSAL MORTGAGE & SALES, INC.; ERIK S. GONZALES; and DOES 1-20 inclusive,<br><br>            Defendants.<br>_____/ | No. C09-02518 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND; (2) DENYING AS MOOT PLAINTIFFS' MOTION FOR TELEPHONIC APPEARANCE AT CASE MANAGEMENT CONFERENCE**<br><br>**[Re: Docket Nos. 11, 29]** |

Plaintiffs sue for alleged statutory and common law violations in connection with the refinance of their home mortgage.[1] Pursuant to Fed. R. Civ. P. 12(b)(6), defendants California Reconveyance Company ("CRC") and JPMorgan Chase Bank ("JPMorgan") move to dismiss certain claims asserted in the First Amended Complaint ("FAC"). Plaintiffs oppose the motion.

---

[1] Although there were two refinance transactions with respect to plaintiffs' home, only the first loan for an amount totaling $516,000 is at issue here.

Upon consideration of the moving and responding papers,[2] as well as the arguments of counsel, this court grants the motion in part and denies it in part.

## I. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Documents which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See Balistreri, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); see also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570. Rather, the

---

[2] Pursuant to Fed. R. Evid. 201, defendants' request for judicial notice, which concerns matters of public record, is granted.

complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id.

## II.   DISCUSSION

A. <u>Claim 4:  Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605</u>

Plaintiffs allege that JPMorgan violated RESPA section 2605(e)(2) by failing and refusing to provide a response to their Qualified Written Request ("QWR") sent on March 31, 2009. Under RESPA, a "loan servicer" has sixty days after the receipt of a QWR to respond to the borrower. 12 U.S.C. § 2605(e)(2). Here, JPMorgan does not dispute that it is the loan servicer. Defendant also acknowledges that it received a QWR from plaintiffs and that JPMorgan has not responded. JPMorgan contends that, from a pleading standpoint, the FAC fails to state sufficient facts for it to determine whether it might have responded to information in the QWR in some other form. However, the court finds that the FAC alleges sufficient facts to enable defendants to respond to the allegations asserted. Accordingly, defendants' motion to dismiss plaintiffs' fourth claim for relief is denied.[3]

B. <u>Claim 2:   California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq.</u>

Plaintiffs' claim as to JPMorgan for alleged violation of the RFDCPA fails. The FAC merely asserts legal conclusions, pleads no discernable facts giving rise to the inference that JPMorgan is a "debt collector" within the meaning of the statute, and does not identify which provisions of the statute that JPMorgan allegedly violated. Moreover, "foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the RFDCPA." <u>Rosal v. First Federal Bank of California</u>, — F. Supp.2d —, 2009 WL 2136777 at *18 (N.D. Cal., July 15, 2009) (citing <u>Izenberg v. ETS Servs., LLC</u>, 589 F. Supp.2d 1193, 1199 (C.D. Cal. 2008). Plaintiffs have cited no competent authority to the contrary, the sole case

---

[3] Defendants also contend that any claim for violation of RESPA section 2607 is barred by the three-year statute of limitations. Plaintiffs request a ruling that the limitations period for any such claim has been tolled. Suffice to say that RESPA section 2605 is the only statute specified in the FAC. The court declines to advise as to the prospects of maintaining a claim that has not been pled.

3

1  cited in their opposition having been withdrawn from publication. Accordingly, defendants'
2  motion to dismiss this claim is granted.

3  C.    Claim 3:   Negligence

4  Plaintiffs claim that JPMorgan (as servicer) and CRC (as trustee) owed them a duty of
5  care "to perform acts in such manner as to not cause Plaintiffs harm." (FAC ¶ 74). "[A]s a
6  general rule, a financial institution owes no duty of care to a borrower when the institution's
7  involvement in the loan transaction does not exceed the scope of its conventional role as a mere
8  lender of money." Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App.3d 1089, 1095,
9  283 Cal. Rptr. 53 (1991). Courts have applied this rule to loan servicers. See, e.g.,
10 Hendrickson v. Popular Mortgage Servicing, Inc., No. C09-00472 CW, 2009 WL 1455491 *7
11 (N.D. Cal., May 21, 2009); Marks v. Ocwen Loan Servicing, Inc., No. C07-02133 SI, 2009 WL
12 975792 *7 (N.D. Cal., Apr. 10, 2009). Plaintiffs have not alleged that JPMorgan's involvement
13 in the loan transaction exceeded the scope of its conventional role as loan servicer. As for
14 CRC, "[t]he trustee in a nonjudicial foreclosure is not a true trustee with fiduciary duties, but
15 rather a common agent for the trustor and beneficiary." Pro Value Properties, Inc. v. Quality
16 Loan Service Corp., 170 Cal. App.4th 579, 583, 88 Cal. Rptr.3d 381 (2009) (citing Vournas v.
17 Fidelity Nat. Title Ins. Co., 73 Cal. App.4th 668, 677, 86 Cal. Rptr.2d 490 (1999)). "The scope
18 and nature of the trustee's duties are exclusively defined by the deed of trust and the governing
19 statutes. No other common law duties exist." Id.

20 Defendants' motion as to this claim is granted.

21 D.    Claim 6:   Fraud

22 A "party must state with particularity the circumstances constituting fraud or mistake."
23 FED. R. CIV. P. 9(b). Allegations under Fed. R. Civ. P. 9(b) must be stated with "specificity
24 including an account of the 'time, place, and specific content of the false representations as well
25 as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756,
26 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).
27 "'To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants
28 notice of the particular misconduct which is alleged to constitute the fraud charged so that they

can defend against the charge and not just deny that they have done anything wrong.'" Id. (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Here, the FAC essentially alleges that transfers or assignments of any interest in the subject property are invalid, that JPMorgan falsely represented that it has the right to collect monies from plaintiffs, and CRC falsely represented that it is entitled to enforce the security interest and initiate non-judicial foreclosure. (FAC ¶¶ 35, 99, 100). However, the FAC does not sufficiently allege what was fraudulent about the transfers or assignments. The FAC also alleges, in conclusory fashion, that JPMorgan and CRC tacitly approved or endorsed alleged fraud committed by others at a time when neither of the moving defendants was a party to the loan. The court finds that the elements of fraud are not plausibly alleged as to the moving defendants. Bell Atlantic Corp., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Accordingly, the motion to dismiss is granted.

E.   Claim 10:   Wrongful Foreclosure

Defendants contend that because there has been no foreclosure, plaintiffs' tenth claim for relief is premature and that, in any event, the FAC fails to state a claim for relief.

Claims for wrongful foreclosure have been found premature where there has been not yet been a sale. Vega v. JPMorgan Chase Bank, N.A., — F. Supp.2d —, 2009 WL 2731039 *6 (E.D. Cal., Aug. 26, 2009) (citing Munger v. Moore, 11 Cal. App.3d 1, 7, 89 Cal. Rptr. 323 (1970)). Even assuming, without deciding that a claim for wrongful foreclosure may be brought when foreclosure has not occurred, this court agrees that the FAC, as currently pled, fails to state a claim for relief insofar as it is based on defendants' non-possession of the original note. Non-judicial foreclosure is regulated comprehensively by California Civil Code section 2924. Moeller v. Lien, 25 Cal. App.4th 822, 830, 30 Cal. Rptr.2d 777 (1994). Plaintiffs contend that promissory note is a negotiable instrument and must therefore be enforced by the note holder pursuant to section 3301 of the California Commercial Code. Although section 3301 does limit enforcement of most negotiable instruments to the note holder, the Moeller court explained that

"[t]he comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive." Moeller, 25 Cal. App. 4th at 834. "It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings." Id. A number of courts addressing this issue have concluded that under California law, there is no requirement that the trustee possess the original promissory note prior to a non-judicial foreclosure sale. See Pantoja v. Countrywide Home Loan, Inc., 640 F. Supp.2d 1177, 1186 (N.D. Cal. 2009); Casteneda v. Saxon Mortgage Servs., Inc., — F. Supp.2d —, 2009 WL 4640673 * 7-8 (E.D. Cal., Dec. 3, 2009); Newbeck v. Washington Mutual Bank, No. C09-01599CW, 2010 WL 291821 *6-7 (N.D. Cal., Jan. 19, 2010); Reynoso v. Paul Financial, LLC, No. C09-3225SC, 2009 WL 3833298 *4 (N.D. Cal., Nov. 16, 2009). The FAC otherwise does not allege sufficient facts to state a claim for relief. Accordingly, defendants' motion to dismiss these allegations is granted.

F.   Claim 7:   California Bus. & Prof. Code § 17200

Defendants contend that plaintiffs lack standing to bring a claim under Cal. Bus. & Prof. Code § 17200. A section 17200 claim must be brought "by a person who has suffered injury in fact *and* has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis added). "'Violation of almost any federal, state, or local law may serve as the basis for a[n] unfair competition claim.'" Brewer v. Indymac Bank, 609 F. Supp.2d 1104, 1122 (E.D. Cal. 2009) (quoting Plascencia v. Lending 1st Mortgage, 583 F. Supp.2d 1090, 1098 (N.D. Cal. 2008)). "A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct." Brewer, 609 F. Supp.2d at 1122.

Here, plaintiffs allege that, at a minimum, illegal fees and other charges were fraudulently added to the payoff amount of the loan. (FAC ¶ 43). This has been found sufficient to establish standing to pursue a claim for unfair competition, albeit an amended pleading should make clear whether the alleged illegal fees were paid to JPMorgan, CRC or any other defendant. See Sullivan v. Washington Mutual Bank, No. C09-02161EMC, 2009 WL

6

3458300 *4 (N.D. Cal., Oct. 23, 2009). Inasmuch as plaintiffs' RESPA claim has been allowed to stand, defendants' motion to dismiss the § 17200 claim is denied as to JPMorgan. Brewer, 609 F. Supp.2d at 1122. However, because the underlying "hooks" as to CRC have been dismissed, plaintiffs' § 17200 claim as to CRC is also dismissed.

### III.  ORDER

Based on the foregoing, defendants' motion to dismiss is granted in part and denied in part. Plaintiffs have until **February 17, 2010** to file an amended pleading, consistent with this order and in compliance with Fed. R. Civ. P. 11, to address the deficiencies described above.

The initial case management conference set for February 9, 2010 is **continued to April 6, 2010, 1:30 p.m.** An updated joint case management statement shall be filed no later than **March 30, 2010**. Plaintiffs' counsel's request to appear by phone at the February 9, 2010 case management conference is denied as moot.

SO ORDERED.

Dated: February 2, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

7

1  5:09-cv-02518-HRL Notice has been electronically mailed to:

2  Amy Louise Morse amorse@adorno.com, bslack@adorno.com

3  Imani Gandy igandy@adorno.com

4  John M. Sorich jsorich@adorno.com

5  Michael J.M. Brook mbrook@lanahan.com, bwarner@lanahan.com

6  Patrick A Cathcart pcathcart@adorno.com, lhernandez@adorno.com

7  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.